**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILFERSON JOSE PENA REBOLLEDO,

      *Petitioner*,

v.                                    Case No. 3:26-cv-1612-WWB-SJH

U.S. ATTORNEY GENERAL, et al.,

      *Respondents*.

_____

**<u>ORDER</u>**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  He asserts that Immigration and Customs Enforcement ("**ICE**") is currently detaining him at the Baker County Detention Center.  (*Id.*).  The Petition is not a model of clarity.  Petitioner appears to raise various challenges to the conditions of his detention.  (*Id.* at 6).  He claims he has had to sleep on the floor, the food quality is inadequate, and he is concerned about his access to water.  (*Id.*).  He also contends that he fears his detention will worsen his mental and psychological condition.  (*Id.*).  And he seems to challenge the circumstances of the arrest that led to his current detention.  (*Id.* at 7).  As relief, Petitioner seeks immediate release.  (*Id.*).

First, Petitioner's challenges to the conditions of his confinement are not cognizable in a § 2241 petition.  Instead, conditions-of-confinement claims may be raised in a civil rights complaint.  *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.  And, in any event, even if Petitioner established a

constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim.").

Likewise, to the extent that Petitioner challenges his arrest, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest." *Id.* As a result, if Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim must fail. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

Instead, federal courts may grant the habeas writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Here, Petitioner has not alleged sufficient facts to establish a cognizable habeas claim. Indeed, his allegations are conclusory in nature and again appear to attack his initial arrest and the conditions of his detention rather than Respondents' statutory authority to keep him in custody. Because Petitioner fails to allege sufficient allegations to support a discernible habeas claim, the Petition is dismissed without prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on June 26, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Wilferson Jose Pena Rebolledo, 216954651

3